United States District Court
Middle District of Florida
Orlando Division

**LEONOR GONZALEZ,**

    *Plaintiff,*

v.                                            NO. 6:20-cv-2405-GKS-PDB

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

# Report & Recommendation[*]

This is an action under 42 U.S.C. § 405(g) to review a final agency decision terminating Leonor Gonzalez's disability insurance benefits. Doc. 1. The Acting Commissioner answered the complaint and filed the administrative record. Docs. 23, 24.

The Acting Commissioner now moves for an order reversing the final decision and remanding the case. The Acting Commissioner explains:

> Remand is requested because the agency anticipates revising its internal procedures for conducting redetermination hearings under sections 205(u) of the [Social Security] Act so as to provide beneficiaries with the opportunity to object to the exclusion of evidence that [Office of Inspector General] … has identified as suspect and to allow an ALJ to determine if

---

[*]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

> the evidence should be disregarded under the "reason to believe" standard described in 42 U.S.C. § 405(u)(1)(B). Once those procedures have been finalized, Plaintiff will have the opportunity to submit additional evidence in support of her claim and the agency will provide the opportunity for a hearing before an Administrative Law Judge (ALJ) in accordance with the agency's updated administrative procedures.

Doc. 25 at 1. Gonzalez has no objection. Doc. 25 at 2.

When reviewing a final agency decision, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision … with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Considering the absence of opposition and the authority above, I recommend:

1. **granting** the Acting Commissioner's motion to remand, Doc. 25;

2. **reversing** the agency decision under sentence four of 42 U.S.C. § 405(g);

3. **remanding** the case for the Acting Commissioner to provide Gonzalez "the opportunity to submit additional evidence in support of her claim … [and] for a hearing before an [ALJ] in accordance with the agency's updated administrative procedures"; and

4. **directing** the clerk to enter judgment in favor of Leonor Gonzalez and against the Acting Commissioner of Social Security and close the file.

**Entered** in Jacksonville, Florida, on November 4, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*